IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Mfalme El Bey,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-313-JPG |
| ) | |
| **Centralia Police Department,** ) | |
| **Illinois State Police, and** ) | |
| **Clinton County Sheriff Office,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

On March 28, 2013, Plaintiff Mfalme El Bey filed suit in this Court, alleging violations of his rights to due process, equal protection, and other rights under the Constitution, treaties, and laws of the United States. He declares himself to be a Moorish American National (Doc. 1, p. 7). Specifically, he invokes this Court's jurisdiction under the "Zodiac Constitution," the "Universal Declaration of Human Rights, the Treaty of Peace and Friendship of 1787, the Sundry Free Moors Act of 1790, the Right as Indigenous People, Free Moorish Zodiac Constitution, United States Republic Constitution, United States Codes of Law, Title 18, Part 1, Chapter 13, 241, and United States Codes of Law Title 18, Part 1, Chapter 13, 242"[1] (Doc. 1, p. 6).

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e.,

---

[1] 18 U.S.C. §§ 241 and 242 are criminal statutes imposing penalties for, respectively, conspiracy "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment " of any constitutional or legal right; and for deprivation of rights under color of law. Criminal statutes do not provide for private civil causes of action such as Plaintiff asserts herein. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

without prepaying the filing fee (Doc. 2).  Plaintiff's claim arose out of his arrest and subsequent detention by law enforcement officers in Centralia from March 15 until March 19, 2013 (Doc. 1, pp. 1-5).  However, at the time he filed this action, Plaintiff had been released from custody after bail was apparently posted for him (Doc. 1, p. 5).  As such, Plaintiff does not meet the statutory definition of prisoner[2] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor."  Plaintiff has done so in the instant case.  But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed IFP, a district court

---

[2]  The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought.  *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, after carefully reviewing the complaint, the Court concludes that Plaintiff has failed to state a federal claim upon which relief may be granted against any non-immune defendant. The complaint shall therefore be dismissed. However, rather than dismiss the entire action at this juncture, Plaintiff shall be granted one opportunity to submit an amended complaint in order to state a cognizable claim, if he is able to do so.

**The Complaint**

Plaintiff had a standoff with Centralia police officers beginning on March 15, 2013. He was staying in a friend's apartment when Officer Dodson came to the door asking to speak with "Larry Evans" (Doc. 1, p. 2). Plaintiff responded that there was nobody there by that name, and identified himself as Mfalme El Bey. Plaintiff slid some identifying paperwork under the door. Plaintiff refused to come out unless police obtained a warrant from an Article III Judge. Officer Dodson stated a warrant was on the way, and told Plaintiff they assumed he was armed and would use force against him when they got into the apartment. Plaintiff responded by calling 911 to request assistance from the Illinois State Police because he feared his life was in danger (Doc. 1, p. 2).

After the arrival of the State Police, Officer Dodson told Plaintiff he would be arrested for trespassing and criminal damage to property located on Watts Street (Doc. 1, p. 3). Plaintiff then tossed his "Allodial Title"[3] for this property out the window to State Trooper Jordan. At

---

[3] "The term 'allodial' has been interpreted to mean 'free' or 'held in free and absolute ownership.'" *Dunn County v. Svee*, 420 N.W.2d 58 (table); 1998 WL 18273, *2-3 (Wis. Feb. 16, 1988) (citing *Barker*

this point, between eight and fifteen officers were outside the building.  Eventually Plaintiff's friend Lakeisha Harris, who rented the apartment, arrived and gave officers the key (Doc. 1, p. 4).  Several officers rushed into the home, knocked Plaintiff down, and "assaulted and handcuffed" him.  *Id.*  During his arrest, Plaintiff protested that they were assaulting him, and they did not have jurisdiction or his permission to remove him from the apartment.

At the police station, Plaintiff told officers he was a Moorish National, showed them his Nationality Card (See Doc. 5, p. 5), and said he was not the person they were looking for.  Several hours later he was transferred to the Clinton County Sheriff's office.  There, he was forced to strip naked, then given jail clothing (Doc. 1, p. 5).  Between his arrival at 2:30am on March 16, until his release on March 19, 2013, he was "tortured, starved, forced to urinate on [him]self," was "poisoned," and forced to sleep on plastic in a cold room with no cover.  *Id.*  Officers addressed Plaintiff as Larry Evans the entire time, despite his insistence that his name is Mfalme El Bey.

Plaintiff appeared in circuit court on Monday, March 18, 2013, where he told the judge he was a Moor and was making a "special appearance."  *Id.*  Plaintiff requested to see the judge's "Delegation of Authority Order" and challenged the court's jurisdiction over him.  *Id.*  When Plaintiff later signed the papers to be released from custody, he was again told he must sign out as "Larry Evans," which Plaintiff refused to do (Doc. 1, p. 6).

As relief, Plaintiff seeks to have this Court enforce "The Divine Constitution and By-

---

*v. Dayton*, 28 Wis. 367, 384 (1871)).  It has been observed that claims involving allodial title are sometimes advanced by property owners seeking to to prevent foreclosure.  *See Wisconsin v. Glick,* 782 F.2d 670, 671-72 (7th Cir. 1986); *Flores v. Wells Fargo Bank, N.A.*, No. 12-C-1191, 2013 WL 1192767, at *2 (E.D. Wis. March 22, 2013).  Further, incidents have occurred where deeds invoking the name of the Moorish Science Temple have been used to assert ownership of property in contravention of the official county property records.  *See, e.g., Sabeel El-Bey v. Vill. of S. Holland*, No. 12-2288, 2013 WL 1198104, at *1 (7th Cir. March 22, 2013) (appeal from dismissal of civil rights case where plaintiff challenged his arrest for trespassing, claiming ownership of the property based on Moorish Science Temple deed).

Laws of the Moorish Science Temple of America; the Moorish Nation of North America; Act VI" (Doc. 1, p. 7). He demands that this Court view him "as a Moorish American National (Natural Born Citizen of the Land) and not a (brand) Negro, Blackman (person), Colored, African-American, or any other slave title or 'Nom De Guerre' imposed upon [him] for misrepresentation Actions or other acts of misprision that a misdirected society may believe to be true." *Id*. Further, he requests that all "unconstitutional Orders and Actions" associated with the Defendants' activities be "dismissed and expunged for the record" or be brought before a "legitimately-delegated and competent Court of Law of International jurisdiction/venue" (Doc. 1, p. 8). Finally, he seeks compensatory and punitive damages from Defendants Centralia Police Department, Illinois State Police, and Clinton County Sheriff Office (Doc. 1, pp. 8-9).

**Discussion**

By all indications, Plaintiff appears to assert in this Court that he is a sovereign national,[4] who is not subject to the jurisdiction of the Illinois state and local authorities who arrested him, nor of the Clinton County Circuit Court where he was arraigned. As an exhibit to his complaint, he submitted a "Writ of Discovery" which he apparently filed in Clinton County Case No. 2013-CM-44, demanding a copy of the Circuit Judge's Oath of Office, and purporting to establish that the Circuit Court does not have jurisdiction over him in the absence of a satisfactory response (Doc. 1, p. 2). Courts have universally rejected such jurisdictional challenges as frivolous. *See, e.g.*, *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders" regardless of citizenship); *United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting claim of Native Asiatic Moorish National Citizen that

---

[4] Plaintiff's exhibits also include a document titled "Al Moroccan Empire of Northwest Amexem Born Record" showing the date and location of his birth, issued by the Aboriginal Indigenous Moorish Society (Doc. 5, p. 4). This paper claims that his nationality is "Moor," but also states that he was born in the city of Fez (Centralia), State of Tariq (Illinois). Regardless of Plaintiff's self-identification otherwise, this shows he is a citizen of the United States by birth.

federal criminal laws did not apply to him); *Shahir-El ex rel. Banks v. City of Chicago Dept. of Admin. Hearings*, No. 1-12-0448, 2013 WL 968282, at *2 (Ill. App. March 12, 2013) (argument that member of the Moorish Science Temple of America is not subject to state laws has no merit); *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1135-36 (D.C. 2008) (rejecting Moorish national's claim of immunity from prosecution under the 1837 Moroccan-American Treaty of Peace and Friendship).

Plaintiff is free to call himself a Moorish American National, or any other description that suits him.  However, he is subject to state and federal laws, just like any other person regardless of citizenship.  This Court joins the opinions cited above in rejecting Plaintiff's contention that he is not subject to Illinois laws or the jurisdiction of the Circuit Court where, it appears, his misdemeanor prosecution is still pending.

Furthermore, under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings.  *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).  In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty.*, 457 U.S. at 432, 436-37, and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).  Therefore, this Court shall not grant Plaintiff's request to dismiss/expunge the orders and actions of the Clinton County Circuit Court, nor shall it interfere with Plaintiff's prosecution there (Doc. 1, p. 8).

Plaintiff's complaint does not state any legitimate basis for this Court's jurisdiction

pursuant to the "Zodiac Constitution" or any of the Moorish treaties or documents described on pages 6-7 of his pleading. However, this Court does have jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, to adjudicate a complaint that a plaintiff's constitutional rights were violated by a person acting under color of state law. Although Plaintiff did not specifically assert § 1983 as a basis for his claims, some of his factual allegations raise this as a possibility, and as such are not entirely frivolous. Therefore, out of an overabundance of caution, the Court finds that the action should not be dismissed outright.

The complaint as pled, however, fails to state a civil rights claim upon which relief may be granted. The sole Defendants are state or municipal agencies. The Illinois State Police is not a proper defendant in a civil rights action under § 1983, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Thus, Plaintiff cannot maintain a civil rights action against the Illinois State Police, and this Defendant shall be dismissed with prejudice.

Similarly, Plaintiff's allegations are wholly insufficient to state a civil rights claim against the municipal Defendants, Centralia Police Department and Clinton County Sheriff Office. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipality may only be liable if civil rights deprivation was the result of an official policy, custom, or practice); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). In the absence of allegations which state a cognizable federal civil rights claim against a defendant amenable to being sued in federal court, this action cannot proceed.

**Disposition**

**IT IS HEREBY ORDERED** that **DEFENDANT ILLINOIS STATE POLICE** is **DISMISSED** from the action with prejudice.

Because the complaint fails to state a claim upon which relief may be granted, the Court declines to grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) at this time, but shall hold the motion in abeyance pending the receipt of Plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice. Plaintiff shall have 21 days (on or before May 17, 2013) in which to submit an amended complaint, to include allegations of any deprivations of his civil rights by persons acting under color of state law, pursuant to 28 U.S.C. § 1983. This pleading shall be designated as the First Amended Complaint.

The amended complaint shall be subject to review under 28 U.S.C. § 1915(e)(2). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff does not timely file an amended complaint, or if the amended complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages against an immune defendant, leave to proceed in forma pauperis shall be denied and this action shall be dismissed with prejudice.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for non-prisoners, along with instructions. These forms are also available from the Court's website at: http://www.ilsd.uscourts.gov/Forms.aspx.

**IT IS SO ORDERED.**

**DATED:** April 25, 2013

s/ J. Phil Gilbert<br>
United States District Judge