**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **Mfalme El Bey,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-313-JPG** |
| | ) | |
| **Centralia Police Department and** | ) | |
| **Clinton County Sheriff Office,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

This matter comes before the Court for reconsideration of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) on his First Amended Complaint (Doc. 7). The amended complaint was filed on May 17, 2013, in response to this Court's order of April 26, 2013 (Doc. 6).

Plaintiff's allegations in his First Amended Complaint are substantially the same as in the original complaint. Plaintiff identifies himself as a "Moorish National." He describes his standoff with officers from the Centralia Police Department and the Illinois State Police on March 15, 2013, at a friend's apartment in Centralia. They told Plaintiff he would be arrested for trespassing and criminal damage to property, both involving another location. After Plaintiff refused to allow the officers into the apartment, they obtained his friend's key (without her permission) and opened the door (Doc. 7, pp. 3-4). Several officers (none of whom Plaintiff identifies by name) rushed in, knocked Plaintiff down, "assaulted" and handcuffed him (Doc. 7, p. 3).

After Plaintiff's arrest, he was taken to the Clinton County Sheriff Office and confined in

the jail until March 19, 2013 (Doc. 7, pp. 4-5).  For the next three days, he was "tortured, starved, force[d] to urinate on [him]self, couldn't take [a] shower, was poisoned, couldn't make [a] phone call, forced to sleep on plastic with no cover, forced to sleep in cold room [with] no cover" (Doc. 1, p. 5).  Officers insisted on calling Plaintiff "Larry Evans" despite his protests that his name is Mfalme El Bey.

At Plaintiff's state court appearance on Monday, March 18, 2013, he made a "special appearance" as a Moor, and challenged the court's jurisdiction over him.  He was later released on bond, and it appears that he still has misdemeanor charges(s) pending in the Circuit Court of Clinton County.

Plaintiff again invokes this Court's jurisdiction under the "Zodiac Constitution," the United States Republic Constitution Article 6, and the Treaty of Peace and Friendship of 1787. He adds that subject matter jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983 (Doc. 7, p. 6).

Plaintiff's requested relief mirrors that in the original complaint.  He seeks the enforcement of "The Divine Constitution and By-Laws of the Moorish Science Temple of America; the Moorish Nation of North America; Act VI . . ." and the Treaty of Peace and Friendship of 1836 (Doc. 7, p. 6).  He demands due process as protected by the Fourth and Fifth Amendments to the U.S. Constitution, demands that this Court view him "as a Moorish American National (Natural Born Citizen of the Land) and not a (brand) Negro, Blackman (person), Colored, African-American, or any other slave title or Nom De Guerre imposed upon [him] for misrepresentation Actions or other acts of misprision that a misdirected society may believe to be true" (Doc. 7, p. 7).  He asks that all "unconstitutional Orders and Actions"

associated with the Defendants' activities[1] be "dismissed and expunged for the record" or be brought before a "legitimately-delegated and competent Court of Law of International jurisdiction/venue" (Doc. 7, p. 7-8).  Finally, he seeks compensatory and punitive damages from Defendants Centralia Police Department and Clinton County Sheriff Office (Doc. 7, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or seeks money damages from an immune Defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous or meritless, it should deny leave to proceed IFP.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent.  However, after carefully reviewing the amended complaint, the Court concludes that Plaintiff fails to state a constitutional claim upon which relief may be granted.  Furthermore, most of the relief demanded is patently frivolous.  This action shall therefore be dismissed.

Plaintiff was given leave to file an amended complaint out of concern that he might have a colorable civil rights claim for excessive force or unconstitutional conditions of confinement,

---

[1]  The Court presumes that this request refers to orders arising from Plaintiff's Clinton County prosecution.

in violation of the Fourteenth Amendment.[2]  However, Plaintiff has failed to include as Defendants any of the individual officers involved in this matter who might be amenable to suit as "persons" under 42 U.S.C. §1983.  As to the Defendants Plaintiff did name (Centralia Police Department and Clinton County Sheriff Office), this Court's prior Order notified Plaintiff of the requirements to establish potential liability against these municipalities (Doc. 6, p. 7).  However, Plaintiff has utterly failed to include any factual allegations that would indicate his treatment at the hands of any individual officer was the result of an official policy, custom, or practice of either municipal Defendant.  *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).

Looking again at the actions of any potential individual defendants, the complaint points only to legal conclusions about Plaintiff's treatment, and does not outline sufficient facts to state a claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint fails to state a claim if it does not include "enough facts to state a claim to relief that is plausible on its face").  Plaintiff's statement that the arresting officers "assaulted" him (Doc. 7, p. 4) is a legal conclusion.  Other than saying that officers knocked him down, Plaintiff does not describe their actual conduct.  These allegations are too thin and conclusory to support a claim.  *See Twombly*, 550 U.S. at 570; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

Similarly, Plaintiff's statements regarding his treatment in the jail contain hardly any

---

[2] Civil rights claims involving pretrial detainees such as Plaintiff arise under the Fourteenth Amendment. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  However, they are typically analyzed in reference to the Eighth Amendment's prohibition against cruel and unusual punishment.  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) ("it [is] convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'").

facts, and rest on bare conclusions that he was "tortured, starved, . . . [and] poisoned," (Doc. 7, p. 5) without any hint as to the actions of jail personnel toward Plaintiff.  Such assertions are so sketchy and implausible that they do not provide sufficient notice of Plaintiff's claims.  *See Brooks*, 578 F.3d at 581.  When Plaintiff includes more specifics, such as that he was forced to urinate on himself and made to sleep on plastic in the cold without covers, he does not indicate whether he complained of these conditions to any jail staff, or if so, how they responded.  In order for a detainee to maintain a "cruel and unusual punishment" claim, he must show that jail officials knew that he was at risk of serious harm, and that they disregarded that risk by failing to take reasonable measures to mitigate the danger to his health or safety.  *Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th Cir. 2008).  The complaint fails to indicate that any individual was deliberately indifferent to a risk of harm to Plaintiff.  Nor is it clear that Plaintiff faced an objectively serious risk to his health or safety over the three days he spent in the jail.  Temporary discomfort and inconvenience do not implicate the Constitution.  *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Despite this Court's conclusion that neither the "Zodiac Constitution" nor any of the referenced Moorish treaties or documents (Doc. 7, p. 6) provides jurisdiction for the relief he seeks (Doc. 6, p. 6), Plaintiff's amended complaint persists in asserting jurisdiction based on those documents.  This Court finds Plaintiff's demands that it should view him as a "Moorish American National" and enforce the Moorish Science Constitution and Bylaws patently frivolous.  Just as frivolous is his demand for this Court to dismiss and expunge orders and actions of the Illinois state court, when this Court's prior order unequivocally stated this relief would not be granted (Doc. 6, p. 6).  *See Younger v. Harris*, 401 U.S. 37 (1971).  Accordingly, this action shall be dismissed.

**Disposition**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) is **DENIED**. Further, because the amended complaint is frivolous and fails to state a constitutional claim upon which relief may be granted, this action against Defendants Centralia Police Department and Clinton County Sheriff Office is **DISMISSED** with prejudice. All other pending motions are **DENIED AS MOOT.**

Because Plaintiff's application to proceed IFP has been denied, the filing fee of $350 for this action remains due and payable. *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

If Plaintiff wishes to appeal the dismissal of this action, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). However, because the undersigned Judge has found this action to be frivolous and without merit, this Court will not grant Plaintiff permission to proceed *in forma pauperis* on appeal. Therefore, if Plaintiff does choose to appeal, he will incur the obligation to pay the $455.00 appellate filing fee irrespective of the outcome of the appeal, unless Plaintiff files a successful IFP motion in the appellate court. *See* FED. R. APP. P. 3(e), FED. R. APP. P. 24; 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Newlin*, 123 F.3d at 434. A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 31, 2013**

<u>s/ J. PHIL GILBERT</u>
United States District Judge